## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MICHAEL HOLSTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.:** |
| **v.** ) | |
| ) | **COMPLAINT** |
| **MIDLAND CREDIT** ) | |
| **MANAGEMENT, INC and ENCORE** ) | **JURY TRIAL DEMANDED** |
| **CAPITOL GROUP, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

### Complaint for Damages

Plaintiff Michael Holston ("Plaintiff") files his Complaint for Damages against the Defendant Midland Credit Management, Inc and Encore Capitol Group, Inc. ("Defendants") for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter "FDCPA"), under Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* (hereinafter "FBPA"), and under The Unfair and Deceptive Practices Toward the Elderly Act, O.C.G.A. §§ 10-1-850 *et seq.* (hereinafter "UDPTEA").

### Jurisdiction

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.     This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3.     This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5.     This Court is the proper venue for this action as Defendant Midland Credit Management has a registered agent in the Atlanta Division.

## Parties

6.     Mr. Holston is a natural person residing in Warner Robins, Georgia, which is located in Houston County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

7.     Mr. Holston is a "consumer" as that term is defined by O.C.G.A. § 10-1-392(a)(6).

8.     Mr. Holston is a former United States Marine.

9.     Mr. Holston is retired from the United States Postal Service.

10.     Each Defendant is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11.     Summons and Complaint may be served on Defendant Midland Credit Management, Inc. by service on its registered agent for service of process in Georgia, Midland Funding LLC at 260 Peachtree Street NW, Suite 2109, Atlanta, GA, 30303, or wherever they may be found.

12.     Summons and Complaint may be served on Defendant Encore Capital Group Inc. by service on its registered agent for service of process in Delaware, Corporation Service Company at 251 Little Falls Drive, Wilmington, DE, 19808, or wherever they may be found.

13.     Defendants directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia.

14.     Defendants use the mails and interstate commerce in the collection of consumer debts regularly.

15.     Defendants regularly contact consumers and attempt to collect debts from consumers residing in this judicial district.

16.     Defendants' principal purpose is the collection of debts.

17.     Defendants do not service accounts for original creditors.

**Statutory Scheme**

**The Fair Debt Collection Practices Act**

18.     Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

19.     Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross domestic product of China.[2] Credit card debt accounted for six percent or 763.8 billion dollars' worth of household debt. By April of 2017, the Federal Reserve reported Americans had the highest credit card debt in history as the number soared past the one trillion-dollar mark.[3]

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 at https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html

[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 at https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden

[3] *Americans Now Have the Highest Credit-card Debt in U.S. History*, Marketwatch (Aug. 2017) accessed on Mar. 4, 2017 at https://www.marketwatch.com/story/us-households-will-soon-have-as-much-debt-as-they-had-in-2008-2017-04-03

## The Georgia Fair Business Practices Act

20.    The Georgia legislature enacted the GFBPA "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies."

21.    The FDCPA and GFBPA all provide for enforcement of their respective protections and civil liability through consumers acting as private attorneys general.

## The Unfair and Deceptive Practices Toward the Elderly Act

22.    The UDPTEA enables elderly and disabled plaintiffs who are otherwise able to recover under the FBPA to recover punitive damages in addition to those remedies ordinarily available under the FBPA. O.C.G.A. § 10-1-850 *et seq*. UDPTEA is not a claim in its own right, but, rather, enhances damages when a violation of the FBPA occurs. *Id.*

## Facts Common to All Counts

23.    Mr. Holston has never had a PayPal account with Synchrony Bank.

24.    Mr. Holston does not owe any money to Synchrony Bank for a PayPal account.

25.    Mr. Holston has never owed any money to Synchrony Bank for a PayPal account.

26.    Mr. Holston has a pristine credit report.

27.    Mr. Holston's credit report has no late payments or missed payments.

28.    Defendants attempted to collect a debt from Mr. Holston for a Synchrony Bank PayPal account.

29.    The Debt is alleged to have arisen from one or more transactions.

30.    The alleged Debt was primarily for personal, family, or household purposes.

31.    The alleged Debt was placed with, obtained by, or assigned to Defendant for the purpose of collecting or attempting to collect the Debt.

32.    The Debt was in default or alleged to be in default at the time it was placed with, obtained by, or assigned to Defendants.

33.    Despite obvious indications the alleged account did not belong to Mr. Holston, Defendants attempted to collect money from Mr. Holston.

34.    As part of Defendants efforts to collect the alleged Debt from Mr. Holston, Defendants invaded Mr. Holston's privacy by pulling his credit reports more than 10 times over a 2-year period.

35.     Despite Mr. Holston's credit report showing he did not reside at the address the account was allegedly opened at, Defendants continued to try to collect money from Mr. Holston.

36.     Despite Mr. Holston's credit report not having a single missed or late payment for any account, Defendants continued to try to collect money from Mr. Holston.

37.     Despite Mr. Holston's credit report not showing a Synchrony Bank PayPal account, Defendants continued to try to collect money from Mr. Holston.

38.     Upon information and belief Defendants received information from other entities informing them that Mr. Holston did not owe them any money.

39.     Despite this information, Defendants continued to try to collect money from Mr. Holston.

40.     The forward flow agreement provided to Defendants by Synchrony Bank informed Defendants that there is no warranty on the information in the account records.

41.     Despite this information, Defendants continued to try to collect money from Mr. Holston.

42.     Defendants have a history of penalties by both federal and state consumer protection agencies because of their history of harming consumes.

43.     Despite this history and previous penalties, Defendants continued to try to collect money from Mr. Holston.

44.     Upon information and belief, Defendants had notice that the alleged Debt was the result of fraud

45.     On, or about, March 9, 2021, Defendants filed suit against Mr. Holston for the alleged Synchrony Bank PayPal account in the Magistrate Court of Houston County Georgia.

46.     Upon information and belief, Defendants performed no review of the alleged Debt and the alleged account prior to filing the collection lawsuit despite being given notice the alleged Debt was the result of fraud.

47.     Despite never owing any money for a Synchrony Bank PayPal account or to Defendants, Mr. Holston was served with a complaint by the Houston County Sheriff.

48.     One of Defendants' primary methods of getting consumers to pay is to file collection actions in Magistrate Courts across the country and receive a default judgment.

49.     Defendants did not intend to take their claims against Mr. Holston to a trial at which they would have to prove that their claims had merit, because they knew they could not do so.  Defendants intended, instead, either to obtain a default judgment against Mr. Holston or to enter into a 'voluntary' settlement with him.

50.     The balances identified in the Magistrate Court Action were incorrect.

51.     Upon information and belief, Defendants had no authority to collect the amounts described in the Magistrate Court Action.

52.     Mr. Holston did not owe the alleged Debt, and Defendants had notice the alleged Debt was the result of fraud.

53.     Mr. Holston was forced to drive to the Magistrate Court to respond to the Complaint.

54.     Mr. Holston was forced to expose himself to a deadly virus during a global pandemic to respond to the Complaint.

55.     Mr. Holston was then forced to appear at a hearing at the Magistrate Court to defend himself in the matter.

56.     Mr. Holston was forced to expose himself to a deadly virus during a global pandemic to appear at the hearing.

57.     The Magistrate Court case was continued.

58.     The Magistrate Court case was continued because Defendants did not schedule a witness.

59.     Mr. Holston was forced to hire an attorney to fight the Magistrate Court action.

60.     Mr. Holston was also embarrassed when he was served by the Houston County Sheriff.

61.     Mr. Holston was also embarrassed when the false complaint was filed in a court that is open to the public.

62.     As a result of Defendants' actions, Mr. Holston suffered anxiety, unnecessary stress, frustration, loss of time, mileage expenses, attorneys' fees, and had his statutory rights invaded.

## **Causes of Action**

## **Count I – Violations of the Fair Debt Collection Practices Act**

## **15 U.S.C. §§ 1692 et seq.**

63.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) as he is a natural person.

64.     The debt identified in the Magistrate Court action filed by Defendants is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

65.     Upon information and belief, and based on the alleged Terms and Conditions for the alleged account that incurred the alleged Debt, the account could only be used for personal, family, or household purposes and was not a business account.

66.     Defendants Midland Credit Management, Inc and Encore Capitol Group, Inc. are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

67.    The collection action is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

68.    Defendants efforts to collect the alleged Debt from Mr. Holston when he did not open the alleged account, did not incur the alleged Debt, and did not owe the alleged Debt to Defendants or to anyone, was conduct the natural consequence of which was the harassment, oppression, or abuse of Mr. Holston in connection with Defendants' attempts to collect the alleged Debt in violation of 15 U.S.C. § 1692d.

69.    Defendants Midland Credit Management, Inc and Encore Capitol Group, Inc. violated 15 U.S.C. § 1692e by seeking to collect amounts Defendants were not authorized to collect in violation of § 1692e(2)(A).

70.    Defendants Midland Credit Management, Inc and Encore Capitol Group, Inc. violated 15 U.S.C. § 1692f by seeking to collect amounts Defendants were not authorized to collect in violation of § 1692f(1).

71.    As result of each Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants Midland Credit Management, Inc and Encore Capitol Group, Inc.

## <u>Count II – Georgia Fair Business Practices Act</u>

## <u>O.C.G.A. §§ 10-1-390 *et seq*.</u>

72.     Plaintiff is a "consumer" as that term is defined by O.C.G.A. § 10-1-393(a)(6).

73.     A "consumer transaction" occurred, as that term is defined by O.C.G.A. § 10-1-393(a)(10), when the alleged account was opened  by the original creditor and subsequently transferred to Defendants Midland Credit Management, Inc and Encore Capitol Group, Inc.

74.     The collection of debt related to consumer transactions is also considered a "consumer transaction," as that term is defined by O.C.G.A. § 10-1-393(a)(10). *1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

75.     Plaintiff's counsel mailed an ante litem notice to Defendants by certified mail in compliance with O.C.G.A. § 10-1-393(a) on August 13, 2021.

76.     Defendant Midland Credit Management, Inc and Encore Capitol Group, Inc.violated O.C.G.A. § 10-1-393.8 by intentionally trying to collect a debt Mr. Holston did not owe, by filing suit against Mr. Holston, for trying to collect an amount that Defendants were not authorized to collect, and invading Mr. Holston's privacy.

77.     Defendants' violation of the FPBA was done intentionally and willfully, was not the result of error, and was not in conformity with any law, regulation, consent order, or other promulgation of rules.

78.     Mr. Holston is entitled to the trebling of any actual and statutory damages he sustained as a result of the Defendants' intentional and/or willful violations of the FBPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Defendants.

## Count III – Unfair or Deceptive Practices

## O.C.G.A. §§ 10-1-850 *et seq*.

79.     Mr. Holston is a "disabled person" as that term is defined by O.C.G.A. § 10-1-850(1).

80.     Defendants were given notice of Mr. Holston's disability prior to March 1, 2021.

81.     Mr. Holston is entitled to recover, pursuant to the UDPTEA exemplary damages from Defendants including (without limitation) punitive damages for Defendants' violations of the FBPA.

## Demand for a Jury Trial

82.     Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays that this Court:

a) Find that Defendant Midland Credit Management, Inc's behavior violates the FDCPA;

b) Find that Defendant Encore Capitol Group, Inc.'s behavior violates the FDCPA;

c) Find that Defendant Midland Credit Management, Inc intentionally violated the FBPA;

d) Find that Defendant Encore Capitol Group, Inc. intentionally violated the FBPA;

e) Find that Defendant Midland Credit Management, Inc's behavior calls for application of the UDPTEA;

f) Find that Defendant Encore Capitol Group, Inc.'s behavior calls for application of the UDPTEA;

g) Enter judgment in favor of Mr. Holston and against Defendants Midland Credit Management, Inc and Encore Capitol Group, Inc. for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by § 1692k(a) of the FDCPA;

h) Enter judgment in favor of Mr. Holston and against Defendants Midland Credit Management, Inc and Encore Capitol Group, Inc. for general damages, costs, and reasonable attorneys' fees as provided by §§ 10-1-399(a) and (d) of the FBPA;

i)  Enter judgment in favor of Mr. Holston and against Defendants Midland Credit Management, Inc and Encore Capitol Group, Inc. for treble damages as provided by § 10-1-399(c).

j)  Enter judgment in favor of Mr. Holston and against Defendants Midland Credit Management, Inc and Encore Capitol Group, Inc. for punitive damages as provided by § 10-1-853 of the UDPTEA;

k)  Enter judgment in favor of Mr. Holston and against Defendants for interest in accordance with § 51-12-14(a) of the Unliquidated Damages Interest Act;

l)  Enter judgment in favor of Plaintiff in an amount to offset any tax liability incurred by Plaintiff as a result of acting as a private attorney general and enforcing the FDCPA; and,

m) Grant such other and further relief as the Court may deem just, necessary or appropriate.

Submitted December 30, 2021.

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

/s/ John William Nelson
John William Nelson
Georgia Bar No. 920108

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
john@nelsonchambers.com
Ph.    404.348.4462
Fax.   404.549.6765

ATTORNEYS FOR PLAINTIFF

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF GEORGIA                    )

                                    ) ss

COUNTY OF HOUSTON                   )

        Pursuant to 28 U.S.C. § 1746, Plaintiff Michael Holston, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

        I declare under penalty of perjury that the foregoing is true and correct.

Executed on        Dec 30, 2021       _____, _____
                   Month                    Day          Year

                   _Michael Holston_
                   Michael Holston (Dec 30, 2021 11:55 EST)
                   _____
                   Signature

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing **Plaintiff's Complaint** was prepared on a computer, using Times New Roman 14-point font.

Submitted December 30, 2021.

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com